UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 30  PM 4: 54

LORETTA G. WHYTE
CLERK

KENDEENA L. WELSH,

    Versus

JONATHAN CALKWOOD, M.D., ~~ET AL~~.
*Oschner Clinic, L.L.C.*

CIVIL ACTION

NO. 01 - 2677

SECTION SECT. T MAG. 5

JURY TRIAL DEMANDED

## COMPLAINT

NOW INTO THE PROCEEDING, through undersigned counsel, comes KENDEENA L. WELSH, a person of full age and majority, who respectfully represents the following:

### I.

#### Jurisdictional Statement

Plaintiff, KENDEENA L. WELSH, is a citizen of the State of Texas and domiciled in Corpus Christi, Texas.  Defendant, JONATHAN CALKWOOD, M.D. who, upon information and belief, is a person of full age and majority, licensed to practice medicine in the State of Louisiana, and is domiciled in the Parish of Orleans, Louisiana.  Defendant, OSCHNER CLINIC, L.L.C. is a domestic corporation, authorized and doing business in the State of Louisiana, with its principal place of business at 1514 Jefferson Highway, New Orleans, Louisiana 70121-2483.  The matter in controversy, exclusive of interests and costs, exceeds $75,000.

### II.

On or about May 17, 2000 through July 19, 2000, KENDEENA L. WELSH was a patient

k:\office\ray\calkwood\10208fe2.pet

Fee 150.00
Process
X  Dktd
___ CtRmDep
Doc.No.

of JONATHAN CALKWOOD, M.D. at OCHSNER CLINIC, L.L.C., New Orleans, Louisiana. At all times mentioned herein, Defendant rendered substandard care to KENDEENA L. WELSH which is the basis for this action.

### III.

On or about May 17, 2000 through July 19, 2000, KENDEENA L. WELSH was a patient at OCHSNER CLINIC, L.L.C., New Orleans, Louisiana. At all times herein, OCHSNER CLINIC, L.L.C. rendered substandard care, through its agents and or employees, to Kendeena L. Welsh which is the basis of this action.

### IV.

On or about May 17, 2000, while in the care of Defendants, KENDEENA L. WELSH was diagnosed with chronic iritis. To arrive at this diagnosis, a "comprehensive eye exam" was performed, in addition to other eye exams at more than one occasion. Additional tests were ordered and performed including:

    (A)    Gallium Whole Body 48 hour Panel Scan with Injection of 5.13 mCi Gallium -67;

    (B)    A follow-up scan after 72 hours;

    (C)    An MRI of the head and brain with and without the injection of contrast medium.

The results of these examinations were not used to inform or assist in the management of Plaintiff's purported eye problems, to support the purported diagnosis, or to arrive at additional pertinent diagnosis. Two different radiology reports were said by Defendant JONATHAN CALKWOOD, M.D. to have supported a diagnosis of sarcoidosis. The clinical and study data, however, indicate that Plaintiff does not suffer from sarcoidosis.

k:\office\ray\calkwood\10208fe2.pet

**V.**

On or about May 25, 2000, JONATHAN CALKWOOD initiated a series of harassing telephone calls and e-mails in an attempt to establish a personal relationship with Ms. Welsh. This harassment continued during Ms. Welsh's term of treatment at OCHSNER CLINIC, L.L.C., New Orleans, Louisiana.

**VI.**

Good medical practice requires the careful observation of test results to prevent complications, in addition to the intended use of all ordered tests and good medical practice further requires that patients are not harassed by their treating physicians.

**VII.**

On January 23, 2001, plaintiff filed a malpractice claim against defendants with the Patients' Compensation Fund. *See Petition for Medical Review* (attached hereto as Exhibit A.) Plaintiff reserves the right supplement her Complaint to include allegations of malpractice, following the rendering of a decision by the Medical Review Panel on said claim.

**VIII.**

Plaintiff avers that the sole and proximate cause of the damages described herein are the negligent and/or intentional acts and omissions of Defendants in the following respects:

1.) Assault and battery by the performance of unnecessary medical procedures on Plaintiff;

2.) Intentional infliction of emotional distress by harassing telephone calls and e-mail transmissions to Plaintiff;

3.) Vicarious liability for the acts of its agents and employees;

k:\office\ray\calkwood\10208fe2.pet

4.)     Any and all other acts of negligence, intentional acts or omissions, violations of appropriate standards of care which will be shown at the trial herein.

## X.

Defendants are joint, several, and solidary obligors for all damages herein.

## XI.

Plaintiff prays for reasonable damages to compensate for the injuries sustained, including past, present and future physical pain and suffering, past, present and future mental pain and suffering, medical expenses, loss of wages, loss of earning capacity, loss of fringe benefits and contributions, and inconvenience.

## XII.

WHEREFORE, Plaintiff demands judgment against said defendants, and Plaintiff respectfully demands trial by jury as to all issues so triable.

Respectfully submitted this 30th day of August, 2001.

BY:   _Raphael Juneau, Jr._
          RAPHAEL JUNEAU, JR.

Stuart H. Smith, No. 17805
Raphael Juneau, Jr. No. 26947
SACKS & SMITH, L.L.C.
365 Canal Street
Suite 2850
New Orleans, LA 70130
(504) 593-9600
ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**Ochsner Clinic, L.L.C. and Jonathan Calkwood, M.D.**
through their attorney of record:
Arthur F. Hickman, Jr., Esq.
4500 One Shell Square
New Orleans, Louisiana 70139

IN RE: MEDICAL REVIEW PANEL PROCEEDING

STATE OF LOUISIANA

NO.

KENDEENA L. WELSH

v.

JONATHAN CALKWOOD, M.D.

**PETITION FOR MEDICAL REVIEW**

NOW INTO THE PROCEEDING, through undersigned counsel, comes KENDEENA L. WELSH, a person of full age and majority, domiciled in the County of Nueces, State of Texas, who, respectfully represents the following:

1.

Named a Defendant herein is JONATHAN CALKWOOD, M.D. who, upon information and belief, is a person of full age and majority, licenced to practice medicine in the State of Louisiana, and domiciled in the Parish of Lafayette, State of Louisiana.

2.

Named a Defendant herein is OCHSNER CLINIC, L.L.C., who, upon information and belief, is a domestic corporation, authorized to do and doing business in the State of Louisiana, with its principal place of business at 1514 Jefferson Highway, New Orleans, Louisiana 70121-2483.

3.

On or about May 17, 2000 through July 19, 2000, KENDEENA L. WELSH was a patient of JONATHAN CALKWOOD, M.D. at OCHSNER CLINIC, L.L.C., New Orleans, Louisiana. At all times mentioned herein, Defendant rendered substandard care to KENDEENA L. WELSH which is the basis for this action.

4.

On or about May 17, 2000 through July 19, 2000, KENDEENA L. WELSH was a patient at OCHSNER CLINIC, L.L.C., New Orleans, Louisiana. At all times herein, OCHSNER CLINIC, L.L.C. rendered substandard care, through its agents and or employees, to Kendeena L. Welsh which is the basis of this action.



5.

On or about May 17, 2000, while in the care of Defendants, KENDEENA L. WELSH was diagnosed with chronic iritis. To arrive at this diagnosis, a "comprehensive eye exam" was performed, in addition to other eye exams at more than one occasion. Additional tests were ordered and performed including:

(A)     Gallium Whole Body 48 hour Panel Scan with Injection of 5.13 mCi Gallium -67;

(B)     A follow-up scan after 72 hours;

(C)     An MRI of the head and brain with and without the injection of contrast medium.

The results of these examinations were not used to inform or assist in the management of Plaintiff's purported eye problems, to support the purported diagnosis, or to arrive at additional pertinent diagnosis. Two different radiology reports were said, by Defendant JONATHAN CALKWOOD, M.D., to have supported a diagnosis of sarcoidosis. The clinical and study data, however, indicate that Plaintiff does not have sarcoidosis.

6.

Subsequently, on August 15, 2000, Ms. Welsh consulted and was examined by another ophthalmologist. The diagnosis of secondary corneal edema with endothelial changes along with reduced vision in the left eye was made. On that examination, there was no evidence of active iritis despite the fact that the Plaintiff stated then that her iritis was active. The observation on this and a subsequent examination have never indicated the presence of active iritis. A review of the clinical information did not support the diagnosis of sarcoidosis. The corneal edema which appeared to be of a sterile, possible autoimmune type, was sufficient to explain the Plaintiff's visual problems.

7.

Upon information and belief, KENDEENA L. WELSH was misdiagnosed by JONATHAN CALKWOOD, M.D. resulting in permanent injury to her eye.

8.

On or about May 25, 2000, JONATHAN CALKWOOD initiated a series of harassing telephone calls and e-mails in an attempt to establish a personal relationship with Ms. Welsh. This harassment continued during Ms. Welsh's term of treatment at OCHSNER CLINIC, L.L.C., New Orleans, Louisiana.

9.

Good medical practice requires the careful observation of test results to prevent complications, in addition to the intended use of all ordered tests.  Good medical practice further requires that patients are not harassed by their treating physicians.

10.

Petitioner avers that the sole and proximate cause of the events described herein was the negligent and/or intentional acts and omissions of Defendants in the following respects:

1.)   Failure to provide reasonable care;

2.)   Failure to properly diagnose and treat Petitioner;

3.)   Assault and battery as a result of performing unnecessary medical procedures on Petitioner;

4.)   Intentional infliction of emotional distress as a result of harassing Petitioner via the use of a telephone, and via the use of e-mail transmissions;

5.)   Vicarious liability for the acts of its agents and employees;

6.)   Any and all other acts of negligence, intentional acts or omissions, violations of appropriate standards of care, and malpractice as will be shown at the medical review panel and/or trial herein.

11.

Defendants breached the duties and standards of care practiced by similar health care providers for which they are liable unto Petitioner.

12.

Defendants are joint, several, and solidary obligors for all damages herein.

13.

Petitioner prays for appointment of a medical review panel.

14.

Petitioner requests ten days written notice of any hearings or trials herein.

WHEREFORE, Petitioner prays that Defendants be duly cited and served with a copy of Petition and that, after due proceedings, this panel render a finding that Defendants breached the duties and standards of care practiced by similar health care providers.

K \office\ray\calkwood\01005 pet

Respectfully submitted this 18th day of January, 2001.

Sacks & Smith, L.L.C.

BY: _____
      STUART H. SMITH

Stuart H. Smith, No. 17805
Raphael Juneau, Jr  No. 26947
SACKS & SMITH, L.L.C.
365 Canal Street
Suite 2850
New Orleans, LA 70130
(504) 593-9600
ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

Ochsner Clinic, L.L.C.
through its agent for service of process:
Julie E. Rodrigue
1514 Jefferson Highway
New Orleans, LA 70121

Commissioner of Administration
P O. Box 44336
Baton Rouge, Louisiana 70804-4336

K \office\ray\calkwood\01005 pet